UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZACK LEWIS,

                Petitioner,                01 Civ. 3665 (GBD)

    -against-

                                        MEMORANDUM OPINION
                                        & ORDER
ABC/DISNEY,

                Respondent.
------------------------------------------------------------x
GEORGE B. DANIELS, DISTRICT JUDGE:

      Pro se plaintiff Zack Lewis commenced this Title VII lawsuit based on defendant ABC/Disney's decision to discontinue his employment.[1] Defendant moved under Fed. R. Civ. P 12(b)(6) to dismiss the complaint, alleging that plaintiff failed to file a timely administrative charge with the Equal Employment Opportunity Commission ("EEOC"). Magistrate Judge Michael H. Dollinger issued a Report and Recommendation ("Report") wherein he recommended that the motion to dismiss be granted. In his Report, Magistrate Judge Dollinger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections and would preclude appellate review. Defendant did not submit any objections to the Report. Plaintiff, however, submitted two letters beyond the ten days for filing timely written objections.

      When timely objection has been made to a magistrate judge's report, the district judge is required to "make a de novo determination...of any portion of the magistrate's disposition to which specific written objection has been made..." Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1)(C). The district judge is not required to conduct a de novo hearing on the matter.

---

[1] Plaintiff obtained utility work as a freelance cameraman on a day-to-day call arrangement.

United States v. Raddatz, 447 U.S. 667, 676 (1980). "It is sufficient that the district court 'arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made...'" Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Thus, the district court is obligated to "exercise...sound judicial discretion with respect to whether reliance should be placed on [the magistrate judge's] findings." American Express Int'l Banking Corp. v. Sabet, 512 F.Supp. 472, 473 (S.D.N.Y. 1981), aff'd, 697 F.2d 287 (2d Cir. 1982). The district judge may then accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge, receive further evidence, or recommit the matter to the magistrate judge with additional instructions. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district judge may accept the portions of the magistrate judge's Report to which no specific written objections are made provided there is no clear error on the face of the record. See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); see also Heisler v. Kralik, 981 F. Supp. 830, 835 (S.D.N.Y. 1997), aff'd 164 F.3d 618 (2d Cir. 1998).

With respect to those portions of the Report to which plaintiff and defendant did not specifically object, the Court finds the record is not facially erroneous. Accordingly, the Court adopts those portions of the Report.

Pro se plaintiff's March 19, 2004 letter discusses plaintiffs apparent difficulties with his original lawyer. Although plaintiff claims that his attorney "never actively sought out information," plaintiff offers no specific explanation for his failure to file a charge with the EEOC within three hundred days of defendant's alleged discriminatory conduct.

In his May 11, 2004 letter, plaintiff claims that for at least two years he called the EEOC

twice a month regarding his case. However, plaintiff does not allege that he ever requested a charge form during these calls. As noted in the Report, plaintiff does not claim that he was ever denied a charge form or that he ever even attempted to obtain one. Indeed, the record shows that when he did request a charge form on December 6, 2000, he received one promptly and was permitted to file it.[2]

For the foregoing reasons, this Court adopts the Report and defendant's motion to dismiss plaintiff's complaint is granted.

Dated: New York, New York
      June 9, 2005

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[2] Plaintiff's complaint refers to having been denied employment, for retaliatory reasons, beginning in October 1997. He alleges that his "most recent application" for work was in July 1998. (Compl. at ¶¶ 5, 8). Since plaintiff was on notice of the adverse employment action as of October 1997, his deadline to file a charge would have expired some time in or around August 1998. Since he did not file the charge until December 2000, Magistrate Judge Dollinger determined that the filing was plainly untimely.